IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKA SHIMIZU, | ) | CIVIL NO. 21-00498 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO ALTER OR AMEND |
| vs. | ) | JUDGMENT |
| | ) | |
| MINA TAKAMURA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER
OR AMEND JUDGMENT**

On December 22, 2021, the Court issued an Order (1) Dismissing Complaint

and (2) Denying Application to Proceed In Forma Pauperis ("Order").  ECF No. 5.

The Court dismissed the Complaint for failure to state a claim upon which relief

can be granted because:

- The Supremacy Clause does not create a private cause of action and even if it did, Defendants' purported non-compliance with the Hague Convention does not implicate the Supremacy Clause.

- Because the Supremacy Clause does not provide a basis for a claim, constitutional claims founded upon violations of the Supremacy Clause necessarily fail.  Moreover, Plaintiff has not alleged any facts indicating that Defendants' conduct is connected to the State, let alone attributable to the State, under any of the foregoing tests.  Plaintiff is therefore unable to maintain §1983 claims against Defendants and the balance of her claims are DISMISSED.

*Id.* at 4, 7.  Given Plaintiff's failure to state a claim, the Court also denied her Application to Proceed In Forma Pauperis.  *Id.* at 7.

On January 19, 2022, pro se Plaintiff Rika Shimizu ("Plaintiff") filed a Motion to Alter or Amend Judgment ("Motion").  ECF No. 8.  The Court decides this Motion without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the reasons set forth below, the Court DENIES the Motion.

## DISCUSSION

Plaintiff moves for reconsideration pursuant to Federal Rule of Evidence ("FRCP") 59(e) on the grounds that she has newly discovered material facts not previously available, the Court committed manifest error of law and fact, and reconsideration is necessary to prevent manifest injustice.  ECF No. 8-1 at 2–3.

A motion for reconsideration under FRCP 59(e) should not be granted, "absent highly unusual circumstances, unless the district court":  (1) "is presented with newly discovered evidence"; (2) has "committed clear error"; or (3) "if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  FRCP 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  FRCP 59(e) motions for reconsideration "may *not* be

used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Indeed "[a] district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999).

Here, reconsideration is inappropriate because Plaintiff has not presented newly discovered evidence and the Court did not err.  Plaintiff continues to operate under the misapprehension that Defendants Mina Takamura's, Rikuta Takamura's, Takeshi Nambu's, Tomoko Matsukawa's, and Thomas Bush's (collectively, "Defendants") alleged violations of the Hague Service Convention have resulted in the deprivation of her First and Fourteenth Amendment rights.  She persists with her meritless theories due to a fundamental misunderstanding of parties' obligations and rights under the Hague Service Convention, and Defendants' culpability for any violations thereof.

## A.      Hague Service Convention Does Not Provide a Private Cause of Action

This action arises from Defendants' conduct in a state court action, including their alleged failure to timely file answers, which Plaintiff characterizes as violations of the Hague Service Convention.  Section 1331 of Title 28 of the U.S. Code confer federal courts with jurisdiction over "civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supremacy Clause gives treaties the same effect as federal law. *See* U.S. Const. Art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land[.]"). It creates a rule of decision that courts "must not give effect to state laws that conflict with federal laws." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015) (citation omitted). But it is not a source of federal rights nor does it "create a cause of action." *Id.* at 324–25 (citation omitted). Rather, "[i]t instructs courts what to do when state and federal law clash[.]" *Id.* at 325.

Although States may be bound by treaties pursuant to the Supremacy Clause and "must recognize the force of the treaty in the course of adjudicating the rights of litigants," remedies are limited to those provided by the treaty. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 346–47 (2006) (citation omitted). And it is generally presumed that "international agreements, even those directly benefiting private persons . . . do not create private rights or provide for a private cause of action in domestic courts." *Medellin v. Texas*, 552 U.S. 491, 506 n.3 (2008) (brackets, internal quotation marks and citation omitted). "[W]hen no privately enforceable right is explicitly stated, courts look to the treaty as a whole to determine whether it evidences an intent to provide a private right of action." *Gross v. German*

*Found. Indus. Initiative*, 549 F.3d 605, 616 (3d Cir. 2008) (brackets, internal quotations, and citation omitted).

"The Hague Service Convention is a multilateral treaty that was formulated in 1964" and was revised "to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (citations omitted). Articles 15 and 16 of the Hague Service Convention "limit the circumstances in which a default judgment may be entered against a defendant who had to be served abroad and did not appear, and provide some means for relief from such a judgment." *Id.* at 699 (citations omitted). These provisions offering an affirmative defense for *defendants* who were not properly served do not create a private cause of action. *See Petmas Invs. Ltd. v. Sameiet Holdbergs Gate 19*, Civ. Action No. 13-6807 (FLW)(LHG), 2014 WL 6886028, at *7 (D.N.J. Dec. 4, 2014) ("Thus, although the Hague Service Convention may provide the basis for an affirmative defense, it does not create a private right of action.").

Here, the Hague Service Convention provides an affirmative defense to Defendants regarding service but does not create a private cause of action, let alone one for Plaintiff. Moreover, any challenges to service should be addressed in the court involving the service issue, not the subject of a new lawsuit, and certainly not

in a different court.[1]  Plaintiff's steadfast *belief* that Defendants violated the Hague Service Convention and that the Court ignored said violations does not invalidate the Court's original determination that she fails to state a claim.

## B.    Constitutional Claims Are Without Merit

In an effort to escape the Court's conclusion that Plaintiff cannot assert 42 U.S.C. § 1983 claims against Defendants because they are not state actors, Plaintiff now claims that she mistakenly cited § 1983 in the Complaint and points to her invocation of 28 U.S.C. §§ 1331, 1333, and 1350.  ECF No. 8-1 at 11.  Putting aside the fact that her "mistake" is not a basis for reconsideration, these jurisdictional provisions have no bearing on whether she can assert constitutional claims against Defendants.

The Court dismissed the Complaint for failure to state a claim, not for lack of subject matter jurisdiction.  Plaintiff's constitutional claims — whether she cited

---

[1]  Any effort by Plaintiff to use this litigation to challenge determinations made in the state court action would deprive the Court of subject matter jurisdiction.  *See Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 606 (9th Cir. 2005) ("Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States.").  Indeed, another case filed in this district by Plaintiff was dismissed in part on that basis.  *See Shimizu v. Ochiai*, CV. No. 21-00370 HG-KJM, 2021 WL 5507229, at *1 (D. Haw. Nov. 24, 2021).

§ 1983 or not[2] — are predicated on Defendants' purported violation of the Hague Service Convention.  If Plaintiff cannot maintain a claim for a violation of the Hague Service Convention, her corresponding constitutional claims necessarily fail.  In addition, the Court correctly found that Plaintiff has not alleged *any* facts indicating that Defendants are state actors, so she cannot assert constitutional claims against them.  Because amendment would be futile, it was also proper for the Court to deny leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to provide a basis for reconsideration.  The Court accordingly DENIES her Motion to Alter or Amend Judgment.  ECF No. 8.

IT IS SO ORDERED.

DATED:    Honolulu, Hawai'i, February 9, 2022.



Jill A. Otake
United States District Judge

CIVIL NO. 21-00498 JAO-KJM, *Shimizu v. Takamura, et al.*; ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

[2]  Section 1983 is the vehicle by which to present the constitutional violations.  *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004).