IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKA SHIMIZU, | ) | CIVIL NO. 21-00498 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | RULE 60(b)(2) MOTION FOR RELIEF |
| vs. | ) | FROM JUDGMENT AND MOTION |
| | ) | FOR INDICATIVE RULING UNDER |
| MINA TAKAMURA, et al., | ) | RULE 62.1(a) OF FEDERAL RULES OF |
| | ) | CIVIL PROCEDURE |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S RULE 60(b)(2) MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR INDICATIVE RULING UNDER RULE 62.1(a) OF FEDERAL RULES OF CIVIL PROCEDURE**

Pro se Plaintiff Rika Shimizu ("Plaintiff") commenced this action on December 18, 2021. On December 22, 2021, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed In Forma Pauperis ("Order"). ECF No. 5. Judgment entered the same day. ECF No. 6.

On January 19, 2022, Plaintiff filed a Motion to Alter or Amend Judgment, *see* ECF No. 8, which the Court denied. ECF No. 9. Plaintiff then filed a Notice of Appeal. ECF No. 10.

On June 24, 2022, Plaintiff filed a Rule 60(b)(2) Motion for Relief from Orders and Judgment and Motion for Indicative Ruling Under Rule 62.1(a) of Federal Rules of Civil Procedure ("Motion"). The Court decides this Motion

without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the following reasons, the Court DENIES the Motion.

## DISCUSSION

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(2) based on newly discovered evidence – two transcripts from a state court case to which she is a party. ECF No. 16 at 3–8. She also asks the Court to make an indicative ruling pursuant to FRCP 62.1(a) given the pendency of the appeal. *Id.* at 9–11.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted); *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted). However, FRCP 62.1(a) provides a mechanism for district courts to consider motions that they would otherwise be precluded from addressing once an appeal is filed:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;

>  (2) deny the motion; or
>
>  (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017) (finding that the district court had jurisdiction to deny a Rule 60(b) "motion on the merits, defer consideration, or issue an indicative ruling" (citations omitted))).

FRCP 60(b) provides relief from final judgments, orders, or proceedings based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Relief on the grounds of newly discovered evidence is justified if:

> (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation omitted). Evidence is not "newly discovered" if it did not exist at the time of the judgment. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (citation omitted); *Jones v. Aero/Chem Corp.*, 921 F.2d

875, 878 (9th Cir. 1990) (requiring the evidence to have existed at the time of the trial).

Here, Plaintiff presents as "newly discovered evidence" transcripts of April 12, 2021 and June 16, 2021 hearings in the state court case. Judgment entered on December 22, 2021. Although the hearings took place before the entry of judgment — and well before Plaintiff filed this action — the transcripts were not prepared until March 28, 2022, months *after* judgment entered. ECF Nos. 16-3, 16-4. Therefore, this evidence did not exist when judgment entered. Even if this requirement could be satisfied on the basis that the hearings occurred before the entry of judgment, Plaintiff cannot satisfy the remaining requirements for relief under FRCP 60(b)(2). She did not exercise due diligence because she knew the hearings occurred, having participated in them, yet she failed to timely obtain the transcripts. Plaintiff blames her financial circumstances for the delay, but these circumstances cannot justify the more than one-year delay to acquire the transcripts, nor the three-month delay in submitting the transcripts to the Court following their completion.

More importantly, the transcripts would not change the disposition of this case. They offer no support for Plaintiff's baseless arguments and in fact further undermine her non-viable claims. Accordingly, reconsideration is unwarranted, and Plaintiff's Motion is DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's Rule 60(b)(2) Motion for Relief from Orders and Judgment and Motion for Indicative Ruling Under Rule 62.1(a) of Federal Rules of Civil Procedure is DENIED.  ECF No. 16.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, June 27, 2022.

Jill A. Otake
United States District Judge

CIVIL NO. 21-00498 JAO-KJM, *Shimizu v. Takamura, et al.*; ORDER DENYING PLAINTIFF'S RULE 60(b)(2) MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR INDICATIVE RULING UNDER RULE 62.1(a) OF FEDERAL RULES OF CIVIL PROCEDURE